UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DAVID JAYNES,<br><br>          Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Commissioner of Social Security,<br><br>          Defendant. | Case No.: 23-CV-2173-SBC<br><br>**ORDER ON PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS** |

  Before the Court is Plaintiff's Motion for Leave to Proceed In Forma Pauperis on the Complaint ("IFP Motion"). (Doc. No. 2.) The Court screens Plaintiff's Complaint under 28 U.S.C. section 1915(e), as required when a plaintiff files a motion to proceed in forma pauperis. The Court finds the Complaint fails to sufficiently states a claim for relief and, for this reason, does not reach the merits of whether Plaintiff has adequately demonstrated an inability to pay the filing fee associated with this litigation. Accordingly, the Court DENIES Plaintiff's IFP Motion without prejudice, DISMISSES the Complaint without prejudice, and elaborates below.

/ / /

/ / /

1

1    Complaints filed pursuant to the *in forma pauperis* ("IFP") provisions of Title 28
2    U.S.C. section 1915 ("Section 1915") are subject to mandatory screening under Section
3    1915(e)(2)(B). *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating "1915(e) not
4    only permits but requires a district court to dismiss an *in forma pauperis* complaint that
5    fails to state a claim."). Section 1915(e)(2)(B) requires the Court to dismiss complaints that
6    are "frivolous or malicious, fail to state a claim on which relief may be granted, or seek
7    monetary relief from defendants who are immune from such relief." *Shawn C. v. Kijakazi*,
8    2023 WL 7006799, at *2 (S.D. Cal. Oct. 24, 2023) (citing 28 U.S.C. § 1915(e)(2)(B).). To
9    that end, Rule 2 of the Supplemental Rules of Social Security Actions ("Supplemental
10   Rules") define the minimal pleading requirements applicable to actions arising under Title
11   42 U.S.C. Section 405(g) ("Section 405(g)"), as here.

12   Under the Supplemental Rules, complaints brought under Section 405(g) must (1)
13   affirm the action is brought under Section 405(g); (2) identify the final decision to be
14   reviewed, inclusive of any identifying designation the Commissioner of Social Security
15   attributed to such decision; (3) state the plaintiff's name and county of residence; (4) name
16   the person "on whose wage record benefits are claimed;" and (5) identify the type of
17   benefits claimed. *See* Fed. R. Civ. P. Supp. SS Rule 2(b)(1)(A)-(E). Additionally, the
18   Supplemental Rules provide that the complaint "may include a short and plain statement
19   of the grounds for relief." *See* Fed. R. Civ. P. Supp. SS Rule 2(b)(2).

20   Here, the Court finds the Complaint fails to state a claim. As a threshold matter, the
21   Complaint satisfies Supplemental Rule 2(b)(1)(A)-(D)'s requirements by (1) affirming that
22   Plaintiff "brings this action under the provisions of [Section] 405(g);" (2) identifying the
23   October 3, 2023, Decision from the Administrative Law Judge ("ALJ") along with the
24   "Beneficiary Notice Control ("BNC") Number" associated with the Decision; (3)
25   submitting Plaintiff's name and county of residence; and (4) confirming Plaintiff claims
26   benefits on his own wage record. (*See* Doc. No. 1 ¶¶ A-D.) However, Plaintiff fails to
27   identify the type of benefits claimed pursuant to Supplemental Rule 2(b)(1)(E). Notably,
28   the Complaint appears to reveal typographical errors and confusion about the type of

benefits claimed. Specifically, the Court refers to the capitalized language in the following excerpt from the Complaint:

> "E. Plaintiff claims eligibility for Social Security Disability (T2) and Supplemental Security Income Disability (T16) DELETE IF NOT T16 on the following grounds:
> PLAINTIFF'S GROUNDS FOR RELIEF: Plaintiff submits that he should be found disabled and entitled to Social Security Disability (SSDI) AND SUPPLEMENTAL SECURITY INCOME DISABILITY V – DELETE IF NOT NEEDED as of the applications dated February 25, 2021 because there is insufficient medical or vocational evidence in the record to support the conclusion that he is not disabled and is able to work full time for substantial gainful activity in the national economy."

The capitalized language in paragraph E of the Complaint muddies whether Plaintiff exclusively seeks Social Security Disability benefits or additionally seeks Supplemental Security Income Disability benefits. Accordingly, the Court finds that the Complaint fails to meet the minimal pleading requirements under Rule 2(b)(1) of the Supplemental Rules. Relatedly, the Court opines that the Complaint fails to set forth with minimal specificity the basis for his claim for relief. As noted, social security appeals are not exempt from the section 1915(e) screening requirement. *Hoagland v. Astrue*, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012); *see also Lopez*, 203 F.3d at 1129 ("section 1915(e) applies to all *in forma pauperis* complaints."). "Every plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong." *Hoagland*, 2012 WL 2521753, at *3. "A complaint merely stating that the Commissioner's decision was wrong is plainly insufficient to satisfy a plaintiff's pleading requirement." *Schwei v. Colvin*, 2015 WL 3630961, at *2 (D. Nev. June 9, 2015). Instead, "[a] complaint appealing the Commissioner's denial of disability benefits must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *2 (collecting cases) (emphasis added).

/ / /

Given the above, the Court DENIES Plaintiff's IFP Motion without prejudice, DISMISSES the Complaint without prejudice, and ORDERS Plaintiff to file a First Amended Complaint curing the above-noted deficiencies **no later than Friday, December 29, 2023**.

**IT IS SO ORDERED.**

Dated: December 1, 2023

Hon. Steve B. Chu
United States Magistrate Judge